

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00322-CV

**IN RE David RODRIGUEZ**

Original Proceeding[1]

PER CURIAM

Sitting:    Sandee Bryan Marion, Chief Justice
           Luz Elena Chapa, Justice
           Beth Watkins, Justice

Delivered and Filed: August 5, 2020

PETITION FOR WRIT OF MANDAMUS DISMISSED

Relator has been declared a vexatious litigant and is prohibited from filing as a pro se any new litigation in a court of this State without first obtaining permission from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE §§ 11.102(a), 11.103(a). A petition for writ of mandamus is a civil action to which the vexatious litigant statute applies. *Cooper v. McNulty*, No. 05-15-00801-CV, 2016 WL 6093999, at *3 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (mem. op.); *see also* TEX. CIV. PRAC. & REM. CODE § 11.001(2) (defining "litigation" as "a civil action commenced, maintained, or pending in any state or federal court."). Any "person who seeks mandamus relief commences a civil action in the appellate court." *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 700 (Tex. App.—El Paso 2011, no pet.).

---

[1] This proceeding arises out of Cause No. 2019-CI-16263, styled *David Rodriguez v. H-E-B Butt, et al.*, pending in the 131st Judicial District Court, Bexar County, Texas, the Honorable Norma Gonzales presiding.

Relator filed this original proceeding without first obtaining the required permission. On June 26, 2020, this court ordered relator to file a copy of an order from the local administrative judge giving him permission to file this original proceeding. On July 1, 2020, the trial court denied relator permission to file his original proceeding. After this court issued an order directing relator to show cause why his petition for writ of mandamus should not be dismissed, relator responded that the trial court's order is interlocutory and not final because his case was not adjudicated on the merits.

After considering relator's arguments, we dismiss this original proceeding. *See* TEX. CIV. PRAC. & REM. CODE § 11.1035(b) (the court "shall dismiss the litigation unless the [vexatious litigant subject to a prefiling order] . . . obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing of the litigation"); *see also In re Johnson*, No. 03-13-00531-CV, 2013 WL 4822489, at *1 (Tex. App.—Austin Aug. 30, 2013, orig. proceeding) (mem. op.) (dismissing petition for writ of mandamus when vexatious-litigant relator made no showing that he had obtained order from local administrative judge permitting filing thereof); TEX. R. APP. P. 42.3(a),(c), 43.2(f).

PER CURIAM